

**U.S. Department of Justice**
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*405 East 8th Avenue, Suite 2400*   *(541) 465-6771*
*Eugene, OR 97401-2708*   *Fax (541) 465-6314*

October 4, 2016

Brian C. Butler
Federal Public Defender's Office
15 Newtown Street
Medford, Oregon 97501

      Re:    *United States v. John Martin Roos*
              Case No: 1:16-CR-00203-MC
              Plea Agreement Letter

Dear Brian:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and the defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the following counts of the Superseding Indictment: Count 5, charging him with making a threat against the President of the United States, in violation of 18 U.S.C. § 871(a); Count 9, charging him with making a threat against a federal law enforcement officer, in violation of 18 U.S.C. § 115; and Count 11, charging him with possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5871.

3. **Penalties**: The maximum sentence regarding Count 5, making a threat against the President of the United States, is five years in custody, fine of $250,000, supervised release term of three (3) years and special assessment of $100. The maximum sentence regarding Count 9, making a threat against a federal law enforcement officer, is ten years in custody, fine of $250,000, supervised release term of three (3) years and special assessment of $100. The maximum sentence regarding Count 11, possession of an unregistered destructive device, is ten years in custody, fine of $10,000, supervised release term of three (3) years and special assessment of $100.

4. **Dismissal of Charges**: The USAO agrees to dismiss all other charges and not bring any additional charges against the defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the court must use the 2016 version of the

United States Sentencing Guidelines (hereinafter "U.S.S.G.") to first determine the applicable advisory sentencing guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes proof to satisfy the applicable evidentiary standard.

6. **Stipulation of Fact**: The parties to this agreement stipulate that the facts alleged in Counts 5, 9 and 11 of the Superseding Indictment are all true, specifically that:

On or about March 19, 2016, in the District of Oregon, the defendant, JOHN MARTIN ROOS, did knowingly and willfully make a threat to take the life of, kidnap, and to inflict bodily harm upon the President of the United States, specifically, by an internet posting on a social media site known as Twitter the words, "FBI f---- you better come and get me. I leave today to kill Obama, this nigger will never take over the U.S. I will kill him and patriots will you."
(Count 5)

On or about January 31, 2016, in the District of Oregon, the defendant, JOHN MARTIN ROOS, did threaten to assault, kidnap, and murder Federal law enforcement officers, more specifically, Federal Bureau of Investigation Special Agents, with intent to retaliate against the Federal law enforcement officers on account of their performance of official duties, specifically, by an internet posting on a social media site known as Facebook the words, "FBI acts like they are something to be feared after ambushing American patriots in Oregon, they are pussies. We will snipe them with hunting rifles everywhere."
(Count 9)

On or about April 28, 2016, in the District of Oregon, the defendant, JOHN MARTIN ROOS, did knowingly possess an improvised explosive device (IED #1), further described as a length of metal pipe approximately 4 inches long and having a diameter of approximately 1-1/4 inches, with fishing weights, fishing hooks and Phillips-drive screws attached, and containing an ammunition propellant known as Pyrodex, which IED was both a firearm and a destructive device within the meaning of Title 26, United States Code, Section 5845, subsections (a) and (f), and which was not registered to him in the National Firearms Registration and Transfer Record.
(Count 11)

7. **Base Offense Level**: The parties agree that the base offense level is 12 for each of the threat offenses alleged in Counts 5 and 9, pursuant to U.S.S.G. § 2A6.1(a), and that the base offense level is 18 for the unregistered explosive offense alleged in Count 11, pursuant to U.S.S.G. § 2K2.1(a)(5).

8. **Threat Enhancements**: The USAO will recommend a 6-level enhancement under U.S.S.G. § 2A6.1(b)(1) because the offense involved conduct evidencing an intent to carry out the threats, a 2-level enhancement for multiple threats under U.S.S.G. § 2A6.1(b)(2), and an additional 2-level enhancement under U.S.S.G. § 2A6.1(b)(5) because of the 18 U.S.C. § 115

conviction, the fact that the defendant made a public threatening communication and the fact that he knew or should have known that the public threatening communication would create a substantial risk of inciting others to violate 18 U.S.C. § 115.

9. **Explosive Enhancements**: The USAO will recommend a 2-level enhancement for possession of 3-7 explosives, pursuant to U.S.S.G. § 2K2.1(b)(1)(A).

10. **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct, in this case. If the defendant does so, the USAO will recommend a three (3) level reduction in the defendant's offense level. The USAO reserves the right to change this recommendation if the defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

11. **Sentencing Recommendation**: The USAO will recommend a sentence within the applicable guideline range.

12. **Additional Departures, Adjustments or Variances**: The USAO agrees not to seek any upward departures, adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

13. **Forfeiture Terms**:

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all firearms, explosives and ammunition which are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) or 21 U.S.C. § 853.

   B. **Agreement to Civil Forfeiture**: Defendant agrees to withdraw any claim already filed to any such property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

  D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any such property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

  E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds whatsoever. Should the defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

15. **Court Not Bound**: The court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the court of the facts and law related to the defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but the defendant may not withdraw his guilty plea.

---

18. **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. If the defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. Thank you for your professional courtesies.

                Sincerely,

                BILLY J. WILLIAMS
                United States Attorney

                WILLIAM E. FITZGERALD
                Assistant U.S. Attorney

     I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

11/7/16
Date

                JOHN MARTIN ROOS
                Defendant

     I represent the defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with the defendant. To my knowledge, the defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

11/7/16
Date

                BRIAN C. BUTLER
                Attorney for Defendant