Brian C. Butler, OSB #981903
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon 97501
(541) 776-3630 Telephone
(541) 776-3624 Facsimile
Brian_Butler@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:16-cr-00203-MC-1 |
| Plaintiff, | |
| v. | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |
| JOHN MARTIN ROOS, | |
| Defendant | |

The defendant represents to the court:

1.      My name is John Martin Roos.  I am 62 years old.  I have obtained a high

school diploma and attended some college.

2.      My attorney is Assistant Federal Public Defender Brian C. Butler.

3.      My attorney and I have discussed my case fully.  I have received a copy of

the Indictment.  I have read the Indictment, or it has been read to me, and I have discussed

it with my attorney.  My attorney has counseled and advised me concerning the nature of

Page 1  - PETITION TO ENTER PLEA

each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charges alleged against me to which I am pleading "GUILTY" are as follows:

<u>Count 5 – Threats Against the President of the United States</u>

- Knowingly make a threat to take the life of, kidnap, or inflict bodily harm on;
- The President of the United States.

<u>Count 9 – Threats Against Federal Law Enforcement Officer</u>

- Knowingly make a threat to assault, kidnap, or murder;
- Federal law enforcement officers;
- With the intent to retaliate against the federal law enforcement officers on account of their performance of official duties.

<u>Count 11 – Possession of Unregistered Destructive Device</u>

- Knowingly Possess at destructive device;
- Which was not registered in the National Firearms Registration and Transfer Record.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.      I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offenses to which I am pleading guilty. I also know that if I

answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.     I am not under the influence of alcohol or drugs.  I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason.  I have not taken any drugs or medications within the past seven (7) days.

6.     I understand that conviction of a crime can result in consequences in addition to imprisonment.  Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.     I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made.  I know that if I plead "NOT GUILTY" the Constitution guarantees me:

   a.     The right to a speedy and public trial by the court, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

   b.     The right to have the assistance of an attorney at all stages of the proceedings;

   c.     The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

     d.     The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

     e.     The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

     f.     The right not to be compelled to incriminate myself.

8.     I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.     In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

> Although the Judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the Judge is not obligated to follow those recommendations or agreements. If the Judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

10.     I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is a maximum of five (5) years imprisonment, a fine of $250,000 and supervised release of three (3) years for Count 5; a maximum of ten (10) years imprisonment and a fine of $250,000 and supervised release term of three (3) years for Count 9; and a maximum of ten (10) years imprisonment, a fine of $10,000, and supervised release term of three (3) years for Count 11. I also know there is no mandatory minimum sentence.

11.    I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12.    I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.    My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.    I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.    I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will

be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be 3 years. If I violate the conditions of supervised release, I may be sent back to prison for up to 2 years.

16.     I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17.     On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.     If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19.     If I have another case pending in any state or federal court, I know that my Petition in this case does not, in the absence of an express and written agreement, apply to my other cases, and that I can be faced with consecutive sentences of imprisonment.

20.     My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21.     No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY." I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty

22.     My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.     I hereby request that the judge accept my plea of "GUILTY" to counts 5, 9 and 11.

24.     I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

- On or about March 19, 2016, I knowingly and willfully made a threat to take the life of, kidnap, and to inflict bodily harm upon the President of the United States, specifically, by an internet posting on a social media

site known as Twitter the words, "FBI f--- you better come and get me. I leave today to kill Obama, this nigger will never take the U.S. I will kill him and patriots like you."

- On or about January 31, 2016, in the District of Oregon, I did threaten to assault, kidnap, and murder Federal law enforcement officers, more specifically, Federal Bureau of Investigation Special Agents, with intent to retaliate against the Federal law enforcement officers on account of their performance of official duties, specifically, by an internet posting on a social media site known as Facebook the words, "FBI acts like they are something to be feared after ambushing American patriots in Oregon, they are pussies. We will snipe them with hunting rifles everywhere."

- On or about April 28, 2016, in the District of Oregon I did knowingly possess an improvised explosive device (IED #1), further described as a length of metal pipe approximately 4 inches long and having a diameter of approximately 1-1/4 inches, with fishing weights, fishing hooks and Phillips-drive screws attached, and containing an ammunition propellant known as Pyrodex, which IED was both a firearm and a destructive device within the meaning of Title 26, United States Code, Section 5845, subsections (a) and (f), and which was not registered to me in the National Firearms Registration and Transfer Record.

25.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information,

and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this 7th day of November 2016.

John Martin Roos
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant John Martin Roos, hereby certifies:

1.    I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.    I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3.    I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.    I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, on this 7th day of November, 2016.

Brian C. Butler
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crimes to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 7th day of November, 2016, in open court.

Honorable Mark D. Clarke
United States Magistrate Judge

Based upon the above, I hereby affirm and adopt the order accepting and entering defendant's guilty plea.

DATED this ___15___ day of November 2016

The Honorable Michael J. McShane
United States District Judge